UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.   Civ. No.1:23-cv-746

1964 PIPER COMANCHE PA-24-250,
SERIAL NUMBER 24-3660, TAIL
NUMBER N8404P,

    *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of 18 U.S.C. § 1956 and 18 U.S.C. § 1957 and proceeds of violations of 18 U.S.C. § 1343, 18 U.S.C. § 1344, and 18 U.S.C. § 1349. The property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).

### *DEFENDANT-IN-REM*

2. The defendants-in-rem consist of the following:

    a) 1964 PIPER COMANCHE PA-24-250 AIRCRAFT, SERIAL NUMBER 24-3660, TAIL NUMBER N8404P

(hereafter referred to as the "Defendant Property").

1

3. The Defendant Property was seized by the Federal Bureau of Investigation (FBI), on or about March 31, 2023, in the District of New Mexico.

4. The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property was initially found in this district (although it has subsequently been transported to the Southern District of Florida while in the custody of the United States Marshals Service). Upon the filing of this complaint, Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem*. *See* Supplemental Rule G(3)(b)-(c).

## FACTS

7. In September of 2022, the Albuquerque office of the Federal Bureau of Investigation (FBI) opened an investigation into L.V. and C.V. involving possible violations of federal law including wire fraud, bank fraud, conspiracy to commit wire fraud and bank fraud, money laundering, conspiracy to commit money laundering, and engaging in monetary transactions in property derived from specified unlawful activity.

8. On or about July 2, 2019 and July 15, 2019, L.V. and C.V. caused two transfers of approximately $4,350.00 and $83,000, respectively, to be made from a business checking account associated with a business they owned to an aircraft title and escrow company in connection with the purchase of a Piper PA-24-250 aircraft (i.e., the Defendant Property). On or about July 5, 2019, L.V. and C.V. applied for a loan to help finance the purchase of the

Defendant Property.  The estimated value of the Defendant Property, as listed on the loan documentation, was $87,000.  On July 15, 2019, the aircraft escrow company disbursed $87,000 to the seller of the Defendant Property and $350 to itself as an escrow fee.

9. The loan applied for by L.V. and C.V. on or about July 5, 2019 was approved and was funded on or about July 26, 2019 in the amount of $73,000.  Pursuant to the terms of the loan, the Defendant Property served as collateral for the loan.  The funds were disbursed to a personal checking account owned and controlled by L.V. and C.V. after the purchase of the Defendant Property had already been completed.  The loan proceeds were not used to finance the purchase of the Defendant Property.  Between September 2019 and May 2022, L.V. and C.V. caused monthly payments to be made to pay principal and interest on the $73,000 loan.  These payments totaled approximately $19,452.18 and were made from the same personal checking account, controlled by L.V. And C.V., into which the loan proceeds were deposited.

10. During the COVID-19 pandemic, beginning in 2020, L.V. and C.V. applied for and received loans pursuant to the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loan (EIDL) program, as authorized by the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").  The PPP loan applications submitted by L.V. and C.V. were submitted directly to private lenders meeting the definition of a "financial institution" as set out in 18 U.S.C. § 20.  The submission of PPP and EIDL applications by L.V. and C.V. and the approval and funding of the corresponding loans involved interstate wire communications.

11. PPP loans were disbursed by private lenders pursuant to criteria specified by federal law and were guaranteed by the Small Business Administration (SBA).  EIDLs were disbursed directly by the SBA acting as a lender.  Pursuant to the CARES Act, PPP and EIDL loans were made available to cover certain business expenditures including payroll costs and operating expenses for small businesses, including certain expenditures on mortgage interest

payments, rent, utilities, operating expenses, property damage costs, supplier costs, and worker protection.  PPP loans were subject to loan forgiveness if certain criteria were met.

12. L.V. and C.V., who resided in both New Mexico and Texas during the time relevant to this complaint, collectively caused to be submitted to private lenders and the SBA at least two PPP and four EIDL applications between 2020 and 2022.  The loan applications were submitted on behalf of various companies L.V. and C.V. owned.  The loan applications were approved and were funded for a total of approximately $3,145,700.00 with the proceeds being disbursed to bank accounts controlled by L.V. and C.V.

13. The FBI's investigation, including records obtained from the SBA and various financial institutions, showed that the PPP and EIDL application materials submitted by L.V. and C.V., as well as certain PPP loan forgiveness applications, contained materially false and/or fraudulent pretenses, representations, and promises.  The investigation also revealed that L.V. and C.V. caused loan proceeds to be used to fund expenses and investments that were not authorized by the terms of the PPP and the EIDL program.

14. The PPP loans granted to the businesses owned by L.V. and C.V. were issued in 2020.  Proceeds of the EIDL loans were issued in installments and continued to be disbursed into bank accounts controlled by L.V. and C.V. until the summer of 2022.  One such EIDL installment, in the amount of approximately $1,050,000.00, was received on April 22, 2022 into a business checking account controlled by L.V. and C.V. held in the name of one of their businesses.  Another such EIDL installment, in the amount of approximately $800,000, was received on May 17, 2022 into the same account.  Also on May 17, 2022, L.V. and C.V. caused approximately $63,980.33, which included over $10,000 of EIDL proceeds, to be transferred to pay off the remaining balance of the $73,000 loan collateralized by the Defendant Property.

15. On March 21, 2023, the FBI executed a federal search warrant and a federal

seizure warrant at Hangar B-3, Portales Municipal Airport, 181 Airport Road, Portales, NM. During the search, Special Agents of the FBI found the Defendant Property along with its the certificate of airworthiness and aircraft registration. The FBI seized the Defendant Property and the United States Marshals Service (USMS) assisted the FBI in transferring the aircraft into USMS custody. The Defendant Property is currently in USMS custody in Fort Lauderdale, Florida.

## FIRST CLAIM FOR RELIEF

16. The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth herein.

17. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

18. Defendant Property was involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 or 1957 or is traceable to such property and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR RELIEF

19. The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth herein.

20. Title 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Both an offense in violation of 18 U.S.C. § 1343 and a conspiracy to commit such an offense constitute specified unlawful activity.

21. Defendant Property constitutes proceeds traceable to violation(s) of 18 U.S.C. §§

1343 or 1349 and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### THIRD CLAIM FOR RELIEF

22. The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth herein.

23. Title 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Both an offense in violation of 18 U.S.C. § 1344 and a conspiracy to commit such an offense constitute specified unlawful activity.

24. Defendant Property constitutes proceeds traceable to violation(s) of 18 U.S.C. §§ 1344 or 1349 and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs and expenses of seizure and of this proceeding, and other proper relief.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

    *Submitted Electronically September 5, 2023*
    TAYLOR F. HARTSTEIN
    Assistant U.S. Attorney
    P.O. Box 607
    Albuquerque, NM
    87103(505) 346-7274